## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
## IN AND FOR ORANGE COUNTY, FLORIDA

JAMES ALTON GRIFFIN,

    Plaintiff,

v.

                                                        CASE NO.: _____

LOWE'S COMPANIES, INC., LG
SOURCING, INC., and NEXGRILL
INDUSTRIES, INC.,

    Defendants.

## COMPLAINT

**COMES NOW** Plaintiff, James Alton Griffin, through his undersigned counsel, to sue Defendants, Lowe's Companies, Inc., LG Sourcing, Inc., and Nexgrill Industries, Inc. In support therefore, Plaintiff states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff, James Alton Griffin ("Griffin"), brings this action to recover for the serious, permanent, and life-altering injuries he suffered and continues to suffer due to a defective and unreasonably dangerous Perfect Flame® Stainless Steel Gas Grill, model number 720-0522, serial number 720 WDN JC 0522-000127 A (the "Grill") exploding during the course of ordinary use. As a result of this explosion, Griffin suffered second degree burns to his face, neck, arms, and legs, amounting to burns on approximately 16% of his total body surface area.

2. Griffin sues Defendants, Lowe's Companies, Inc. ("Lowe's"), LG Sourcing, Inc. ("LG"), and Nexgrill Industries, Inc. ("Nexgrill"), for their respective roles in designing, manufacturing, assembling, producing, importing, distributing, supplying, marketing, and selling

**Exhibit A**

the Grill.

3. Through this lawsuit, Griffin seeks to recover for the injuries and damages he suffered and continues to suffer to this day, including, but not limited to, his physical injuries, medical and treatment costs, lost wages, and all pain, suffering, mental anguish, and loss of enjoyment for life caused by Defendants' liability-producing conduct.

## THE PARTIES

4. Griffin is a Florida resident and citizen and was a Florida resident and citizen at all times material to this Complaint.

5. Lowe's is a foreign corporation incorporated under the laws of North Carolina. Lowe's maintains its principal place of business in Mooresville, North Carolina. Lowe's is not authorized by the Florida Department of State to do business in Florida. Lowe's may be served with process on its North Carolina registered agent: Corporation Service Company, 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608.

6. LG is a foreign corporation incorporated under the laws of North Carolina. LG maintains its principal place of business in Wilkesboro, North Carolina. LG is not authorized by the Florida Department of State to do business in Florida. LG may be served with process on its North Carolina registered agent: Corporation Service Company, 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608.

7. Nexgrill is a foreign corporation incorporated under the laws of California. Nexgrill maintains its principal place of business in Chino, California. Nexgrill is not authorized by the Florida Department of State to do business in Florida. Nexgrill may be served with process on its California registered agent: Sherman Lin, 14050 Laurelwood Place, Chino, CA 91710.

**Exhibit A**

## FACTS

8. Lowe's, LG, and Nexgrill designed, manufactured, assembled, produced, imported, distributed, supplied, marketed, and/or sold the Grill.

9. Lowe's, LG, and Nexgrill placed the Grill into the stream of commerce.

10. In 2007, Griffin purchased the Grill at a retail store that was owned and operated by Lowe's.

11. On September 12, 2015, Griffin decided to use the Grill to grill fish and vegetables for dinner.

12. As he proceeded to set up the Grill, Griffin checked the propane tank attached to the Grill.

13. The Grill is designed and manufactured in such a way that the propane tank is housed in an enclosed compartment immediately under the Grill's burners and is attached to the Grill by a hose and valves. A door to this compartment allows access to the propane tank.

14. When Griffin checked the propane tank attached to the Grill, he found that the propane tank was empty.

15. Griffin was confused to find that the propane tank was empty because the propane tank was new, Griffin had recently connected the propane tank to the Grill, and the propane tank had only been used a couple of times.

16. Griffin then removed the empty propane tank and attached a new, full propane tank to the Grill.

17. When Griffin turned the new propane tank on, he heard a hissing sound coming from the Grill.

18. Griffin then turned the new propane tank off and noticed that the hissing sound

stopped.

19. Figuring that something was wrong with the Grill, Griffin decided not to use the Grill that night and starting making other plans for dinner.

20. As Griffin closed the door to the propane tank holding compartment, the propane tank and the Grill suddenly exploded.

21. As a result of this explosion, Griffin suffered extensive burn injuries to his face, neck, arms, and legs, amounting to burns on approximately 16% of his total body surface area.

22. Griffin's injuries and damages were caused by the Grill's defective condition. Specifically, the Grill was defective in at least the following ways:

   a. The Grill was designed and manufactured using inferior, substandard, and inadequate component parts and processes;

   b. The Grill was designed and manufactured in such a way that the propane tank was stored in close proximity to the Grill's burners; and

   c. The Grill did not come with adequate warnings or instructions advising consumers and users about the Grill's defective condition.

23. The defects cited in Paragraph 22 of this Complaint rendered the Grill unreasonably dangerous beyond the contemplation and expectation of ordinary consumers, including Griffin.

24. The risk of danger associated with designing, manufacturing, assembling, distributing, and selling the Grill as it was outweigh any real or perceived benefits. At the time the Grill was designed, manufactured, assembled, distributed, and sold, alternative designs and methods of manufacturing existed that would have resulted in a safer and more useful Grill with little to no increase in cost to Lowe's, LG, or Nexgrill.

25. The defects cited in Paragraph 22 of this Complaint individually or in combination caused or contributed directly to cause or enhance Griffin's injuries and damages.

**Exhibit A**

26. Had none of the defects cited in Paragraph 22 of this Complaint been present in the Grill, Griffin's injuries and damages would have been avoided or reduced.

27. Had any one of the defects cited in Paragraph 22 of this Complaint not been present in the Grill, Griffin's injuries and damages would have been avoided or reduced.

28. The defects cited in Paragraph 22 of this Complaint were caused by Lowe's, LG's, and Nexgrill's, negligence, strict liability, and other liability-producing misconduct.

29. At the time Lowe's, LG, and Nexgrill placed the Grill into the stream of commerce, Lowe's, LG, and Nexgrill knew or should have known that the Grill was defective in the ways cited in Paragraph 22 of this Complaint.

30. Despite their knowledge or notice that the Grill was defective and unreasonably dangerous, Lowe's, LG, and Nexgrill did nothing to warn or protect consumers, despite their ability to do so.

## JURISDICTION & VENUE

31. This is an action for damages in excess of $15,000, exclusive of interest, costs, and attorney's fees.

32. This Court is authorized to exercise personal jurisdiction over Lowe's pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the causes of action stated herein arise out of Lowe's:

   a. Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

   b. Committing a tortious act within Florida; or

   c. Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) Lowe's was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by Lowe's anywhere were used or consumed in Florida in the

**Exhibit A**

ordinary course of commerce, trade, or use.

33. This Court is authorized to exercise personal jurisdiction over Lowe's pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because Lowe's is engaged in substantial and not isolated activity within Florida.

34. This Court is authorized to exercise personal jurisdiction over LG pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the causes of action stated herein arise out of LG:

> a. Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;
>
> b. Committing a tortious act within Florida; or
>
> c. Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) LG was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by LG anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

35. This Court is authorized to exercise personal jurisdiction over LG pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because LG is engaged in substantial and not isolated activity within Florida.

36. This Court is authorized to exercise personal jurisdiction over Nexgrill pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the causes of action stated herein arise out of Nexgrill:

> a. Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;
>
> b. Committing a tortious act within Florida; or
>
> c. Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) Nexgrill was engaged in solicitation or service activities within

**Exhibit A**

Florida, or (ii) products, materials, or things processed, serviced, or manufactured by Nexgrill anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

37. This Court is authorized to exercise personal jurisdiction over Nexgrill pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because Nexgrill is engaged in substantial and not isolated activity within Florida.

38. Venue is proper in this Court because:

   a. Lowe's, LG, and Nexgrill are foreign corporations that are not authorized by the Florida Department of State to do business in Florida;

   b. This Court is authorized to exercise personal jurisdiction over Lowe's, LG, and Nexgrill; and

   c. Lowe's maintains agents, representatives, and offices in Orange County, Florida.

## CONDITIONS PRECEDENT

39. All conditions precedent have been satisfied or excused.

## COUNT I—STRICT LIABILITY
(Against Lowe's)

40. Griffin re-alleges and incorporates Paragraphs 1 through 39 of this Complaint as if fully stated herein.

41. Lowe's designed, manufactured, assembled, distributed, and/or sold the Grill.

42. Lowe's placed the Grill into the stream of commerce.

43. Lowe's intended for consumers like Griffin to purchase and use the Grill.

44. Griffin used the Grill for its intended or foreseeable use.

45. The Grill is defective in its design, manufacture, and warning.

46. The Grill's defects, whether individually or in combination, rendered the Grill unreasonably dangerous for its intended or foreseeable use.

Exhibit A

47. The Grill left Lowe's possession and control with the defects Griffin alleges, and the Grill remained in this defective and unreasonably dangerous condition up until and throughout the events giving rise to Griffin's injuries and damages.

48. The Grill's defects, whether individually or in combination, actually and proximately caused or contributed to cause Flores' injuries and damages.

**WHEREFORE**, Plaintiff, James Alton Griffin, demands judgment against Defendant, Lowe's Companies, Inc., for all injuries and damages he suffered due to the Grill, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, costs, and interest, and any such further relief as the Court deems appropriate.

## COUNT II—NEGLIGENCE
(Against Lowe's)

49. Griffin re-alleges and incorporates Paragraphs 1 through 39 of this Complaint as if fully stated herein.

50. Lowe's designed, manufactured, assembled, distributed, and/or sold the Grill.

51. Lowe's placed the Grill into the stream of commerce.

52. Lowe's intended for consumers like Griffin to purchase and use the Grill.

53. Lowe's owed a duty of care to consumers, including Griffin, to design, manufacture, and assemble the Grill in a way that that did not render the Grill defective and unreasonably dangerous for its intended or foreseeable use.

54. Lowe's owed a duty of care to consumers, including Griffin, to distribute and sell the Grill without defect and in a reasonably safe condition for its intended or foreseeable use.

55. Lowe's owed a duty of care to consumers, including Griffin, to provide adequate warnings and instructions with the Grill advising of the Grill's defective and unreasonably

dangerous condition and advising consumers and users how to avoid being injured from the Grill's defects.

56. Lowe's owed a duty of care to consumers, including Griffin, to adequately test, inspect, and ensure the quality of the Grill before distributing and selling the Grill to consumers.

57. Lowe's breached its duty to Griffin by designing, manufacturing, and assembling the Grill in a way that that rendered the Grill defective and unreasonably dangerous for its intended or foreseeable use.

58. Lowe's breached its duty to Griffin by distributing and selling the Grill while the Grill was defective and unreasonable dangerous for its intended or foreseeable use.

59. Lowe's breached its duty to Griffin by failing to provide adequate warnings and instructions with the Grill advising of the Grill's defective and unreasonably dangerous condition and failing to advise consumers and users how to avoid being injured from the Grill's defects.

60. Lowe's breached its duty to Griffin by failing to adequately test, inspect, and ensure the quality of the Grill before distributing and selling the Grill.

61. Lowe's knew or reasonably should have known that the Grill would cause injury to consumers like Griffin as a result of the Grill's defective and unreasonably dangerous condition.

62. At no time did Lowe's take action to remedy the Grill's defective and unreasonably dangerous condition or warn consumers about its negligent design, manufacture, assembly, distribution, and/or sale of the Grill, despite Lowe's ability to do so.

63. Lowe's breaches of the duties it owed to Griffin actually and proximately caused or contributed to cause Griffin's injuries and damages.

**WHEREFORE**, Plaintiff, James Alton Griffin, demands judgment against Defendant,

**Exhibit A**

Lowe's Companies, Inc., for all injuries and damages he suffered due to the Grill, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, costs, and interest, and any such further relief as the Court deems appropriate.

### COUNT III—BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
(Against Lowe's)

64. Griffin re-alleges and incorporates Paragraphs 1 through 39 of this Complaint as if fully stated herein.

65. Lowe's is a merchant with respect to the Grill.

66. By selling the Grill to Griffin, Lowe's impliedly warranted that the Grill was of merchantable quality.

67. The Grill was not of merchantable quality for at least the following reasons:

   a. The Grill would not pass without objection in the trade under the contract description;

   b. The Grill is not of fair average quality;

   c. The Grill is not fit for the ordinary purposes for which such a good is used;

   d. The Grill does not run within the variations permitted of even kind, quality, or quantity;

   e. The Grill was not adequately contained, packaged, or labeled; and

   f. The Grill does not conform to the promises or affirmations of fact made by Lowe's.

68. The defects in the Grill do not conform to the merchantable condition impliedly warranted by Lowe's at the time that Griffin purchased the Grill.

69. Lowe's breach of the implied warranty of merchantability actually and proximately caused or contributed to cause Griffin's injuries and damages.

**Exhibit A**

**WHEREFORE**, Plaintiff, James Alton Griffin, demands judgment against Defendant, Lowe's Companies, Inc., for all injuries and damages he suffered due to the Grill, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, costs, and interest, and any such further relief as the Court deems appropriate.

<u>**COUNT IV—BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**</u>
**(Against Lowe's)**

70. Griffin re-alleges and incorporates Paragraphs 1 through 39 of this Complaint as if fully stated herein.

71. Lowe's sold the Grill to Griffin.

72. When Lowe's sold the Grill to Griffin, Lowe's had reason to know that Griffin required the Grill for the particular purpose of cooking food.

73. When Lowe's sold the Grill to Griffin, Lowe's had reason to know that Griffin was relying on Lowe's skill or judgment to select or furnish suitable goods for Griffin's particular purpose.

74. When Lowe's sold the Grill to Griffin, Lowe's impliedly warranted that the Grill was suitable for the particular purpose for which Griffin was purchasing the Grill.

75. The Grill was defective and unreasonably dangerous for its intended or foreseeable use.

76. The Grill was not fit for the particular purpose for which Griffin purchased the Grill from Lowe's.

77. Lowe's breached the implied warranty of fitness for a particular purpose.

78. Lowe's breach of the implied warranty of fitness for a particular purpose actually

**Exhibit A**

and proximately caused or contributed to cause Griffin's injuries and damages.

**WHEREFORE**, Plaintiff, James Alton Griffin, demands judgment against Defendant, Lowe's Companies, Inc., for all injuries and damages he suffered due to the Grill, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, costs, and interest, and any such further relief as the Court deems appropriate

### COUNT V—STRICT LIABILITY
### (Against LG)

79. Griffin re-alleges and incorporates Paragraphs 1 through 39 of this Complaint as if fully stated herein.

80. LG designed, manufactured, assembled, distributed, and/or sold the Grill.

81. LG placed the Grill into the stream of commerce.

82. LG intended for consumers like Griffin to purchase and use the Grill.

83. Griffin used the Grill for its intended or foreseeable use.

84. The Grill is defective in its design, manufacture, and warning.

85. The Grill's defects, whether individually or in combination, rendered the Grill unreasonably dangerous for its intended or foreseeable use.

86. The Grill left LG's possession and control with the defects Griffin alleges, and the Grill remained in this defective and unreasonably dangerous condition up until and throughout the events giving rise to Griffin's injuries and damages.

87. The Grill's defects, whether individually or in combination, actually and proximately caused or contributed to cause Flores' injuries and damages.

**WHEREFORE**, Plaintiff, James Alton Griffin, demands judgment against Defendant, LG Sourcing, Inc., for all injuries and damages he suffered due to the Grill, whether already incurred or

**Exhibit A**

to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, costs, and interest, and any such further relief as the Court deems appropriate.

## COUNT VI—NEGLIGENCE
(Against LG)

88. Griffin re-alleges and incorporates Paragraphs 1 through 39 of this Complaint as if fully stated herein.

89. LG designed, manufactured, assembled, distributed, and/or sold the Grill.

90. LG placed the Grill into the stream of commerce.

91. LG intended for consumers like Griffin to purchase and use the Grill.

92. LG owed a duty of care to consumers, including Griffin, to design, manufacture, and assemble the Grill in a way that that did not render the Grill defective and unreasonably dangerous for its intended or foreseeable use.

93. LG owed a duty of care to consumers, including Griffin, to distribute and sell the Grill without defect and in a reasonably safe condition.

94. LG owed a duty of care to consumers, including Griffin, to provide adequate warnings and instructions with the Grill advising of the Grill's defective and unreasonably dangerous condition and advising consumers and users how to avoid being injured from the Grill's defects.

95. LG owed a duty of care to consumers, including Griffin, to adequately test, inspect, and ensure the quality of the Grill before distributing and selling the Grill to consumers.

96. LG breached its duty to Griffin by designing, manufacturing, and assembling the Grill in a way that that rendered the Grill defective and unreasonably dangerous for its intended or foreseeable use.

**Exhibit A**

97. LG breached its duty to Griffin by distributing and selling the Grill while the Grill was defective and unreasonable dangerous for its intended or foreseeable use.

98. LG breached its duty to Griffin by failing to provide adequate warnings and instructions with the Grill advising of the Grill's defective and unreasonably dangerous condition and advising consumers and users how to avoid being injured from the Grill's defects.

99. LG breached its duty to Griffin by failing to adequately test, inspect, and ensure the quality of the Grill before distributing and selling the Grill.

100. LG knew or reasonably should have known that the Grill would cause injury to consumers like Griffin as a result of the Grill's defective and unreasonably dangerous condition.

101. At no time did LG take action to remedy the Grill's defective and unreasonably dangerous condition or to warn consumers about its negligent design, manufacture, assembly, distribution, and/or sale of the Grill, despite LG's ability to do so.

102. LG's breaches of the duties it owed to Griffin actually and proximately caused or contributed to cause Griffin's injuries and damages.

**WHEREFORE**, Plaintiff, James Alton Griffin, demands judgment against Defendant, LG Sourcing, Inc., for all injuries and damages he suffered due to the Grill, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, costs, and interest, and any such further relief as the Court deems appropriate.

## COUNT VII—STRICT LIABILITY
### (Against Nexgrill)

103. Griffin re-alleges and incorporates Paragraphs 1 through 39 of this Complaint as if fully stated herein.

104. Nexgrill designed, manufactured, assembled, distributed, and/or sold the Grill.

**Exhibit A**

105. Nexgrill placed the Grill into the stream of commerce.

106. Nexgrill intended for consumers like Griffin to purchase and use the Grill.

107. Griffin used the Grill for its intended or foreseeable use.

108. The Grill is defective in its design, manufacture, and warning.

109. The Grill's defects, whether individually or in combination, rendered the Grill unreasonably dangerous for its intended or foreseeable use.

110. The Grill left Nexgrill's possession and control with the defects Griffin alleges, and the Grill remained in this defective and unreasonably dangerous condition up until and throughout the events giving rise to Griffin's injuries and damages.

111. The Grill's defects, whether individually or in combination, actually and proximately caused or contributed to cause Flores' injuries and damages.

**WHEREFORE**, Plaintiff, James Alton Griffin, demands judgment against Defendant, Nexgrill Industries, Inc., for all injuries and damages he suffered due to the Grill, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, costs, and interest, and any such further relief as the Court deems appropriate.

### COUNT VIII—NEGLIGENCE
(Against Nexgrill)

112. Griffin re-alleges and incorporates Paragraphs 1 through 39 of this Complaint as if fully stated herein.

113. Nexgrill designed, manufactured, assembled, distributed, and/or sold the Grill.

114. Nexgrill placed the Grill into the stream of commerce.

115. Nexgrill intended for consumers like Griffin to purchase and use the Grill.

116. Nexgrill owed a duty of care to consumers, including Griffin, to design,

**Exhibit A**

manufacture, and assemble the Grill in a way that that did not render the Grill defective and unreasonably dangerous for its intended or foreseeable use.

117. Nexgrill owed a duty of care to consumers, including Griffin, to distribute and sell the Grill without defect and in a reasonably safe condition.

118. Nexgrill owed a duty of care to consumers, including Griffin, to provide adequate warnings and instructions with the Grill advising of the Grill's defective and unreasonably dangerous condition and advising consumers and users how to avoid being injured from the Grill's defects.

119. Nexgrill owed a duty of care to consumers, including Griffin, to adequately test, inspect, and ensure the quality of the Grill before distributing and selling the Grill to consumers.

120. Nexgrill breached its duty to Griffin by designing, manufacturing, and assembling the Grill in a way that that rendered the Grill defective and unreasonably dangerous for its intended or foreseeable use.

121. Nexgrill breached its duty to Griffin by distributing and selling the Grill while the Grill was defective and unreasonable dangerous for its intended or foreseeable use.

122. Nexgrill breached its duty to Griffin by failing to provide adequate warnings and instructions with the Grill advising of the Grill's defective and unreasonably dangerous condition and advising consumers and users how to avoid being injured from the Grill's defects.

123. Nexgrill breached its duty to Griffin by failing to adequately test, inspect, and ensure the quality of the Grill before distributing and selling the Grill.

124. Nexgrill knew or reasonably should have known that the Grill would cause injury to consumers like Griffin as a result of the Grill's defective and unreasonably dangerous condition.

**Exhibit A**

125. At no time did Nexgrill take action to remedy the Grill's defective and unreasonably dangerous condition or to warn consumers about its negligent design, manufacture, assembly, distribution, and/or sale of the Grill, despite Nexgrill's ability to do so.

126. Nexgrill's breaches of the duties it owed to Griffin actually and proximately caused or contributed to cause Griffin's injuries and damages.

**WHEREFORE**, Plaintiff, James Alton Griffin, demands judgment against Defendant, Nexgrill Industries, Inc., for all injuries and damages he suffered due to the Grill, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, costs, and interest, and any such further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, James Alton Griffin, demands a jury trial on all issues so triable.

Dated: February 9, 2018

Respectfully submitted,

/s/ *Andrew Parker Felix*
**ANDREW PARKER FELIX, ESQ.**
Florida Bar No.: 0685607
**Morgan & Morgan, P.A.**
20 North Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone: (407) 244-3209
Email: afelix@forthepeople.com
Secondary email: kdimeglio@forthepeople.com

and

/s/ *Steven E. Nauman*
**STEVEN E. NAUMAN, ESQ.**
Florida Bar No.: 106126

**Exhibit A**

**Morgan & Morgan, P.A.**
20 North Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone: (407) 244-3962
Fax: (407) 245-3462
Email: snauman@forthepeople.com
Secondary Email: mhoilett@forthepeople.com
*Counsel for Plaintiff*

**Exhibit A**