# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES ALTON GRIFFIN,**

    **Plaintiff,**

**v.**                                                                                        Case No:    6:18-cv-378-Orl-31TBS

**LOWE'S COMPANIES, INC., LG SOURCING, INC. and NEXGRILL INDUSTRIES, INC.,**

    **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Remand (Doc. 24) filed by the Plaintiff, James Griffin (henceforth, "Griffin"), and the response in opposition (Doc. 31) filed by the Defendants.

### I.  Background

Griffin filed this products liability case in state court on February 9, 2018. In his Complaint (Doc. 2), he alleges that a gas grill he purchased from a store operated by Defendant Lowe's Companies, Inc. ("Lowe's") exploded when he tried to use it, causing him to suffer serious injuries. Griffin is a Florida resident. Lowe's is a North Carolina company; the other two defendants – LG Sourcing, Inc. ("LG Sourcing") and Nexgrill Industries, Inc. ("Nexgrill") – are residents of California for purposes of diversity jurisdiction.[1] Griffin alleges that all three

---

[1] Griffin contends, and the Defendants do not dispute, that LG Sourcing is a subsidiary of Lowe's. (Doc. 24 at 4).

Defendants played a role in "designing, manufacturing, assembling, producing, importing, distributing, supplying, marketing, and selling" his grill.  (Doc. 2 at 1-2).

On March 12, 2018, the matter was removed to this Court pursuant to 28 U.S.C. §1446(b) on the basis of diversity jurisdiction.  The Notice of Removal (the "Notice") (Doc. 2) was filed by Defendants Lowe's and Nexgrill.  (Doc. 1 at 1).  According to the Notice, those parties had been served on February 16 and February 19, respectively.  (Doc. 1 at 2).  The attorney who filed the Notice of Removal informed the Court in that document that, while he did not think that Defendant LG Sourcing had been served at that time,

> [t]he undersigned will be representing Defendants Lowe's, Nexgrill, and LG Sourcing, Inc. in this action and can represent to the Court that all Defendants consent to the removal.

(Doc. 2 at 2).

On March 16, 2018, counsel for the Plaintiff filed in this court a return of service for LG Sourcing (Doc. 6), indicating that it had been served on February 16 – *i.e.*, several weeks before the filing of the Notice of Removal.[2]  On March 29, 2018, LG Sourcing filed a notice (Doc. 15) informing the Court of its consent to the removal.

By way of the instant motion, Griffin contends that the Notice of Removal does not reflect consent on the part of LG Sourcing to the removal, and that, as a result, remand is required.

**II.     Analysis**

28 U.S.C. § 1441 authorizes a defendant to seek removal to federal court of a suit originally brought in state court.  The procedure for such removals is governed by 28 U.S.C. § 1446.  Where, as here, an action is removed pursuant to Section 1441(a),[3] Section 1446

---

[2] The return of service was originally filed in the state court case, but the record does not indicate the date of that original filing.

[3] Section 1441(a) provides in pertinent part that a defendant or defendants may remove

requires that all defendants who have been properly joined and served must join in or consent to the removal of the action, and it provides that each defendant shall have 30 days after receiving or being served with the initial pleading or summons to file the notice of removal. 28 U.S.C. § 1446(b)(2). Failure to abide by this so-called "unanimity requirement" requires a remand of the case back to state court. *See, e.g., Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

Griffin contends remand is required in this case because the Notice of Removal "does not reflect [LG Sourcing]'s consent to remove" and because LG Sourcing did not otherwise join in or indicate its consent to removal within the required 30-day time period, thereby violating the unanimity requirement. (Doc. 24 at 3). Taken literally, Griffin is wrong on the facts, because as quoted *supra*, the Notice of Removal clearly states that all of the Defendants, including LG Sourcing, consent to the removal. (Doc. 2 at 2). Griffin contends that the representation made in the Notice of Removal – *i.e.*, that the attorney filing the notice would be representing the non-moving party, and that party consented to removal – was legally insufficient to satisfy the unanimity requirement. (Doc. 24 at 5). However, the cases he cites in support of this position are not on point or not persuasive.

In the first such case cited by Griffin, *Diebel v. S.B. Trucking Co.*, 262 F.Supp.2d 1319 (M.D. Fla. 2003), the notice of removal made no reference at all to one of the defendants – who had been served when the notice was filed and who was represented by a different attorney than the one who filed the notice – and that defendant did not attempt to indicate consent to removal

---

"any civil action brought in a state court of which the district courts of the United States have original jurisdiction".

within the required thirty-day period. Thus, the *Diebel* court did not consider the issue of whether the non-moving defendant had consented to removal.

In Griffin's second case, *Smith v. Health Ctr. of Lake City, Inc.*, 252 F.Supp.2d 1336 (M.D. Fla. 2003), the court stated that one defendant's unsupported statement, in the Notice of Removal, that the other defendants concurred in the removal was insufficient to satisfy the unanimity rule, even though counsel for that defendant subsequently came to represent the others. However, the plaintiff had waived the consent-to-removal issue, *id.* at 1341, and therefore the court's interpretation of the unanimity rule was *dicta*.

More recently, in an unpublished opinion, the United States Court of Appeals addressed an analogous situation and came out the other way. In *Stone v. Bank of New York Mellon, N.A.*, 609 Fed. Appx. 979 (11th Cir. 2015), the case was removed by four of five defendants. The fifth defendant – Prommis Solutions, Inc. ("Prommis") – did not join in the notice of removal or otherwise indicate consent within 30 days of being served. *Id.* at 981. Outside of that time frame, however, Prommis opposed the plaintiff's motion to remand. *Id.* Relying on the First Circuit's decision in *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 77 (1st Cir. 2009), the *Stone* court declined to adopt a "wooden rule" of adherence to the unanimity requirement and held that a technical defect related to the unanimity requirement could be cured by opposing a motion to remand prior to the entry of summary judgment. *Id.* In the words of the *Stone* court, "Although Prommis did not join the notice of removal, it did oppose remand, and therefore the district court did not err by refusing to remand for a technical defect related to the unanimity rule." *Id.*

Even though the *Stone* opinion, as an unpublished decision,[4] is not binding authority, the Court finds its reasoning persuasive. In addition, the Sixth and Ninth Circuits have held that one defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient to satisfy the unanimity requirement. *See Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004) and *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). Based on the holdings in *Harper* and *Proctor*, the statement as to LG Sourcing's consent in the Notice (which was signed by counsel for the other two Defendants) satisfied the unanimity requirement. Even if that were not the case, based on the Eleventh Circuit's decision in *Stone*, LG Sourcing's opposition to the current motion cures the defect. Accordingly, the Motion to Remand (Doc. 24) is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 5, 2018.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[4] *See* 11th Cir. R. 36-2.