UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES ALTON GRIFFIN,

     Plaintiff,

v.                                  Case No:  6:18-cv-378-Orl-31TBS

LOWE'S HOME CENTERS LLC, LG
SOURCING, INC. and NEXGRILL
INDUSTRIES, INC.,

     Defendants.

_____

## ORDER

     This products liability case comes before the Court without a hearing on

Defendants' Motion to Extend Scheduling Deadlines and Continue Trial (Doc. 40).

Plaintiff opposes the motion (Doc. 41).

     Plaintiff filed this lawsuit in state court on February 9, 2018 (Doc. 2 at 1).

Defendants removed the case to this Court on March 12, 2018 (Doc. 1). The Court

entered its standard Related Case Order and Track Two Notice on March 20, 2018 (Doc.

10). The Order required counsel to meet, confer, and file a case management report

containing suggested dates for the completion of material events (Id.). The parties

complied and proposed, *inter alia*, the following deadlines:

|  |  |
|---|---|
| Disclosure of Expert Reports by Plaintiff | March 6, 2019 |
| Disclosure of Expert Reports by Defendant | April 5, 2019 |
| Discovery Deadline | May 6, 2019 |
| Dispositive Motions | June 4, 2019 |
| Daubert Motions | July 1, 2019 |
| Trial during the term beginning November 4, 2019 | |

(Doc. 25 at 1-2). The Court adopted and incorporated these dates into the Case Management and Scheduling Order ("CMSO") governing this case (Doc. 26 at 1-2).

Plaintiff made his expert disclosures on March 6, 2019 (Doc. 41-1). On April 11, 2019, defense counsel requested dates to depose Plaintiff's experts (Doc. 40 at 3). Plaintiff's lawyer responded that the experts were not available for deposition before the discovery deadline, but that Plaintiff was willing to seek a joint extension of the deadline so that both parties could take additional depositions (Doc. 40-4 at 6). Defendants countered that the parties should seek a 90 extension of all deadlines including the trial date (Id., at 5). The parties were unable to reach agreement, and the pending motion was filed. Now Plaintiff argues that no extension should be granted or, alternatively, that only the discovery deadline should be extended, and for no more than 30 days, for the sole purpose of allowing Defendants to depose Plaintiff's experts (Doc. 41 at 5).

The parties recognize that the CMSO may only "be modified for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The notes to Rule 16 explain that "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Advisory Committee Notes to Rule 16. The Eleventh Circuit has explained that "[t]o establish good cause, the party seeking the extension must have been diligent." Romero v. Drummond Co., 552 F.3d 1303, 1319 (11th Cir. 2008).

The CMSO placed the parties on notice that "[m]otions to extend the dispositive motions deadline or to continue the trial are generally denied," and that the Court will only grant an exception "when necessary to prevent manifest injustice." (Doc. 26 at 4). The CMSO also informed the parties that motions for extensions of other deadlines are disfavored and normally denied unless the moving party shows: "1) the motion is joint or

unopposed; 2) the additional discovery is necessary for specified reasons; 3) all parties agree that the extension will not affect the dispositive motions deadline and trial date; 4) all parties agree that any discovery conducted after the dispositive motions date … will not be available for summary judgment purposes; and 5) no party will use the granting of the extension in support of a motion to extend another date or deadline." (Id., at 4-5).

Defendants have not shown diligence because they have not explained why they waited 36 days after receipt of Plaintiff's expert disclosures to ask for dates when the experts could be deposed. They have also not persuaded the Court that manifest injustice will result if they are forced to cross-examine Plaintiff's experts or engage in summary judgment motion practice without the benefit of expert depositions. Consequently, Defendants' Motion to Extend Scheduling Deadlines and Continue Trial (Doc. 40), is **DENIED**.[1]

**DONE** and **ORDERED** in Orlando, Florida on May 22, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

---

[1] This case demonstrates that it is not always wise to agree to such a compact case management schedule.