UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES ALTON GRIFFIN,

    Plaintiff,

v.                                         Case No:  6:18-cv-378-Orl-31TBS

LOWE'S HOME CENTERS LLC, LG
SOURCING, INC. and NEXGRILL
INDUSTRIES, INC.,

    Defendants.

## ORDER

This case comes before the Court without a hearing on Defendants' Motion for Reconsideration of the Denial of its Prior Motion to Extend Scheduling Deadlines and Second Motion for Extension of Certain Deadlines (Doc. 43). Plaintiff opposes the motion (Doc. 56).

Plaintiff James Alton Griffin alleges that he was seriously injured when the Perfect Flame® gas grill he was using exploded (Doc. 2). He brings this lawsuit against Defendants Lowe's Companies, Inc., LG Sourcing, Inc., and Nexgrill Industries, Inc. for their roles in designing, manufacturing, supplying, marketing and selling the grill in question (Id.). Defendants deny liability (Docs. 21-23).

This Court entered its standard Related Case Order and Track Two Notice on March 20, 2018 which required counsel to meet, confer, and file a case management report containing suggested dates for the completion of material events (Doc. 10). The parties complied and proposed, *inter alia*, the following deadlines:

    Disclosure of Expert Reports by Plaintiff        March 6, 2019

| | |
|---|---|
| Disclosure of Expert Reports by Defendant | April 5, 2019 |
| Discovery Deadline | May 6, 2019 |
| Dispositive Motions | June 4, 2019 |
| <u>Daubert</u> Motions | July 1, 2019 |

Trial during the term beginning November 4, 2019

(Doc. 25 at 1-2). Whether the parties realized it at the time, this is an aggressive schedule which does not leave room for unexpected events which require a change in plans. Still, this is what the parties agreed on and proposed and what the Court incorporated into its Case Management and Scheduling Order (Doc. 26 at 1-2).

Plaintiff made his expert disclosures on March 6, 2019 (Doc. 41-1), and on April 11, 2019, defense counsel requested dates to depose the experts (Doc. 40 at 3). Plaintiff's lawyer advised that the experts were not available for deposition before the discovery deadline, but that he was willing to seek a joint extension so that both parties could take additional depositions (Doc. 40-4 at 6). Defendants countered that the parties should seek a 90 extension of all deadlines including the trial date (<u>Id.</u>, at 5). The parties did not reach agreement, and Defendants filed their motion to extend the scheduling deadlines and to continue the trial[1] (Doc. 40). Plaintiff opposed the motion, arguing that no extension should be granted or, alternatively, that only the discovery deadline should be extended, and for no more than 30 days, for the sole purpose of allowing Defendants to depose Plaintiff's experts (Doc. 41 at 5). The Court denied the motion because Defendants had not shown diligence in pursuing discovery, and because no manifest

---

[1] The same lawyer filed motions for extension of time to answer or respond (Docs. 7-8), a motion for extension of time to respond to a motion for remand (Doc. 28), a motion to extend time to respond to discovery (Doc. 33), he joined in a motion to extend the mediation deadline (Doc. 36), he filed a motion to extend scheduling deadlines and continue the trial (Doc. 40), and the instant motion.

injustice would result if Defendants had to cross-examine Plaintiff's experts at trial without the benefit of depositions (Doc. 42 at 3). Defendants seek reconsideration of this Order, and that the Court extend the discovery deadline and the deadline for filing Daubert motions (Doc. 56).

The rules do not specifically provide for the filing of a motion for reconsideration, but it is generally understood that FED. R. CIV. P. 59(e) encompasses motions for reconsideration. 11 Charles Alan Wright et al., Federal Practice & Procedure § 2810.1 (3d ed. 2017); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992). Reconsideration of a court's order is an extraordinary remedy and a power to be "used sparingly." United States ex rel. Mastej v. Health Mgmt. Assocs., Inc., 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012). "Appropriate circumstances for reconsideration include situations in which the Court has obviously misapprehended a party's position, the facts, or mistakenly has decided an issue not presented for determination." U.S. v. Halifax Hosp. Medical Center, No. 6:09-cv-1002-Orl-31TBS, 2013 WL 6284765, at *1 (M.D. Fla. Dec. 4, 2013). Reconsideration is also warranted based upon: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." McGuire v. Ryland Grp., Inc., 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007).

"A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Florida College of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). Parties cannot use a motion for reconsideration to ask a district court to "relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of

judgment." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (quoting Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)).

The party moving for reconsideration must present "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." McGuire, 497 F. Supp. 2d at 1358 (internal quotations omitted). "This ordinarily requires a showing of clear and obvious error where the interests of justice demand correction." Id. (internal quotations omitted). "A party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." Id. (internal quotations omitted). "To avoid repetitive arguments on issues already considered fully by the court, rules governing reargument are narrowly construed and strictly applied." Capitol Body Shop, Case No. 6:14-cv-6000-Orl-31TBS, Doc. 129 at 3 (citing St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd., 976 F. Supp. 198, 201-02 (S.D.N.Y. 1996)).

Defendants argues that reconsideration is appropriate because of: (1) defense counsel's busy schedule; (2) defense counsel was focused on working with the defense experts; (3) defense counsel's wife's ill health; (4) Plaintiff's counsel did not make a good faith effort to reach agreement to extend the discovery deadline; and (5) the possible need to file Daubert challenges to Plaintiff's experts (Doc. 43, ¶¶ 2, 6 and at 5-6). This is not sufficient to satisfy Defendants' burden. There is nothing in the motion for reconsideration that was not or could not have been included in the original motion for an extension of time. Accordingly, the motion for reconsideration is **DENIED**.

The motion for reconsideration includes a second motion to extend the discovery deadline and the deadline for filing Daubert motions. The Court does not ordinarily entertain successive motions particularly where the facts and law in the second motion

could and should have been included in the original motion. Therefore, the Court would ordinarily deny the second motion to extend deadlines. But, if the case goes to trial, then Defendants' cross-examination of Plaintiff's experts could be especially painful the jury and district judge. So, solely out of concern for their welfare the Court will **GRANT** Defendants through July 22, 2019 to depose Plaintiff's experts. No <u>Daubert</u> motions will be permitted and the depositions may not be used for dispositive motion purposes.

**DONE** and **ORDERED** in Orlando, Florida on June 21, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record