# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES ALTON GRIFFIN,**

    **Plaintiff,**

**v.**              **Case No: 6:18-cv-378-Orl-31EJK**

**LOWE'S HOME CENTERS LLC, LG
SOURCING, INC. and NEXGRILL
INDUSTRIES, INC.,**

    **Defendants.**

_____

## ORDER

   This matter comes before the Court without a hearing on the Motion for Summary

Judgment (Doc. 45) filed by the Defendants, Lowe's Home Centers LLC (henceforth, "Lowe's"),

LG Sourcing, Inc. ("LG Sourcing"), and Nexgrill Industries, Inc. ("Nexgrill"); the response in

opposition (Doc. 65) filed by the Plaintiff, James Alton Griffin ("Griffin"); the reply (Doc. 78)

filed by the Defendants; and the sur-reply (Doc. 81) filed by Griffin.

   This is a products liability case involving a propane grill, which was purchased at a Lowe's

store. Flames shot out of the grill, burning him, while Griffin was trying to use it. Griffin filed a

complaint in state court, which was subsequently removed to this court.

   In his Complaint (Doc. 2), Griffin asserts the following claims: strict liability against

Lowe's (Count I); negligence against Lowe's (Count II); breach of implied warranty of

merchantability against Lowe's (Count III); breach of implied warranty of fitness for a particular

purpose against Lowe's (Count IV); strict liability against LG Sourcing (Count V); negligence

against LG Sourcing (Count VI); strict liability against Nexgrill (Count VII); and negligence

against Nexgrill (Count VIII).

On July 1, 2019, the Defendants filed the instant motion, seeking summary judgment as to all eight counts.   In his response, Griffin withdrew his claims to the extent they were based on a failure to warn.  (Doc. 65 at 16).   However, as to the claims not withdrawn by Griffin, the Defendants' motion contains little argument and few record citations.   Instead, after a short section describing the procedural history of the case and Griffin's material allegations (Doc. 45 at 1-2), the motion spends three pages setting out the eight counts raised in the complaint (Doc. 45 at 2-5).   For example, the motion includes the following description of the first two counts:

> In Count I of Plaintiff's Complaint, Lowe's is sued for strict liability. Griffin alleges that Lowe's sold Plaintiff a grill that was defective in its design, manufacture and warning; and that said defects proximately caused or contributed to cause [Griffin's] injuries. *Id.* at ¶¶ 45, 48.
>
> In Count II of Plaintiff's Complaint, Griffin alleges that Lowe's negligently designed, manufactured, assembled, distributed, and/or sold the grill; that Lowe's owed a duty to consumers such as Griffin to design, manufacture, and assemble the grill in a way that did not render it defective and unsafe for its intended or foreseeable use; to distribute and sell the grill without defect and in a reasonable safe condition for its intended or foreseeable use; to provide adequate warnings and instructions advising of the grill's defective and unreasonably dangerous condition and advising consumers and users on how to avoid being injured from the grill's defects; and to adequately test, inspect and ensure the quality of the grill before distributing and selling the grill to consumers. *Id.* at ¶¶ 50-56. Plaintiff goes on to allege that Lowe's breached these duties and actually and proximately caused or contributed to cause Griffin's injuries and damages. *Id.* at ¶¶ 57-60, 63.

(Doc. 45 at 2-3).   The motion's next three pages consist almost entirely[1] of conclusory statements contradicting the allegations contained in those eight counts, attributed without explanation (or pinpoint citations) to one of Plaintiff's experts.   To quote just a few:

---

[1] The one exception is a statement that the warnings affixed to the grill are "reviewed, approved and certified by the CSA as meeting the ANSI standard," which includes a pinpoint citation to the deposition of Nexgrill's corporate representative.   (Doc. 45 at 5).   On the other hand, the statement does not identify "CSA," describe the "ANSI standard," or explain why it

There is nothing about the design of the subject Model 720-0522 grill which caused or contributed to the accident that is the subject of this litigation. See Affidavit of Allen Dudden, P.E.

The subject Model 720-0522 grill which has been certified by the CSA as meeting the applicable standards for gas grills did not have a design defect which caused or contributed to the accident that is the subject of this litigation. See Affidavit of Allen Dudden, P.E.

The subject Model 720-0522 grill did not have a manufacturing defect which caused or contributed to the accident that is the subject of this litigation. See Affidavit of Allen Dudden, P.E.

The nipple assembly of the regulator for the subject Model 720-0522 grill did not have a design defect which caused or contributed to the accident that is the subject of this litigation. See Affidavit of Allen Dudden, P.E.

The nipple assembly of the regulator for the subject Model 720-0522 grill did not have a manufacturing defect which caused or contributed to the accident that is the subject of this litigation. See Affidavit of Allen Dudden, P.E.

(Doc. 45 at 5). The motion is devoid of any explanation as to, for example, how one can be sure that the grill did not have any defects, or what theory the Plaintiff has put forward for the explosion, or how the Defendants' experts counter this theory. All the motion does is cite broadly to the affidavits (Doc. 46-1, Doc. 49-1) of the Defendants' two experts, Allen Dudden and James Petersen. But anyone turning to those affidavits looking for an explanation would find only the same conclusory statements contained in the motion, except with the expert's signature at the end. The Defendants have filed copies of their experts' reports, which total more than 90 pages in length, but the affidavits do not cite to any particular portion of them. Ferreting out support for the statements made in the motion is left as an exercise for the reader.

---

matters whether those warnings meet that standard. In any event, Griffin no longer contends that the warnings provided were insufficient. (Doc. 65 at 14).

By presenting only conclusory statements, without any argument or evidentiary support, the Defendants have failed to demonstrate the absence of a genuine issue of material fact. Accordingly, it is hereby

**ORDERED** that the Motion for Summary Judgment (Doc. 45) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 1, 2019.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE